UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sergio J. Granados,                                  File No. 19-cv-0837 (ECT/ECW)

       Petitioner,

v.                                                   **ORDER**

R. Marques,

       Respondent.

---

Petitioner Sergio J. Granados commenced this action pro se on March 25, 2019 by filing a petition for a writ of habeas corpus, requesting that the sentencing reforms of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, including the calculation of good-time credits as provided by that Act, be immediately applied to him. Pet. [ECF No. 1]. This matter is before the Court on a Report and Recommendation issued by Magistrate Judge Elizabeth Cowan Wright on June 26, 2019. ECF No. 12. Magistrate Judge Wright recommended denying the Petition without prejudice, on the grounds that the First Step Act did not take effect until 210 days after its enactment, *see* 132 Stat. at 5196, which would be July 19, 2019. *See* R&R at 8, 11. Granados filed objections to the Report and Recommendation on July 8, 2019 [ECF No. 13], and on July 10, 2019, he filed an addendum to his objections in which he asserted that, although the Bureau of Prisons ("BOP") had recently purported to calculate his good-time credit under the First Step Act, it had done so incorrectly, shorting him by 14 days [ECF No. 13]. Respondent then filed a response that, among other things, explained the basis for his contention that the BOP's

recalculation was correct with respect to Granados. *See* ECF No. 21 at 4–5. In support of that point, Respondent submitted a declaration and documentary evidence further explaining the basis for the recalculation of Granados's good-time credit. ECF No. 22.

Because Granados has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that, due to changes in circumstances—namely, the fact that the First Step Act became effective shortly after the Report and Recommendation was issued, and that the BOP had endeavored to recalculate Granados's good-time credit pursuant to that Act's requirements—the Report and Recommendation cannot be accepted. Furthermore, because of the manner in which this case has developed, and the fact that Respondent submitted new evidence in support of his response to Granados's objection, the Court construes that response as a motion for summary judgment. In an order dated August 6, 2019, the Court informed Granados of that fact and, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, gave him two weeks, until August 20, 2019, to file and serve a response to that summary-judgment motion. ECF No. 24 at 2. Granados has made no further filings in this case. Because there exists no genuine issue of material fact that Granados's good-time credit has been recalculated correctly under the applicable law, Respondent is entitled to summary judgment.

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution "might affect

the outcome of the suit" under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Id.* at 255; *Tolan v. Cotton*, 572 U.S. 650, 651 (2014).

On June 10, 1996, Granados was sentenced to an aggregated term of 348 months of imprisonment and an eight-year term of supervised release. Boldt Decl. ¶ 3 [ECF No. 22]; *id.* at Ex. A [ECF No. 22-1]. His term of imprisonment was later reduced to 336 months. *Id.* At the time Granados filed his Petition, his projected release date was April 15, 2020, reflecting a projected 1,246 days of good-conduct time. *Id.* ¶ 4; *id.* at Ex. B [ECF No. 22-2]. On July 5, 2019, the BOP updated his sentence computation pursuant to the First Step Act. *Id.* ¶ 5, *id.* at Ex. A at 6. In that recalculation, the BOP projected that Granados would earn 54 days of good-conduct time for each year of his 28-year sentence. *Id.* ¶ 6. That calculation yields a subtotal of 1,512 days of good-conduct time, but Granados lost a total of 81 days of good-conduct time due to discipline, so the BOP projected him to earn only 1,431 days of good-conduct time. *Id.* ¶¶ 5–6; *id.* at Ex. A at 7. Therefore, Granados's new projected release date is October 13, 2019. *Id.* ¶ 5; *id.* at Ex. A at 7. Granados has submitted no evidence suggesting that this calculation, or the information on which it is based, is incorrect. The Court therefore concludes that no genuine issue of material fact exists as to whether the BOP has correctly recalculated Granados's projected release date under the relevant law, and Respondent is entitled to summary judgment.

# ORDER

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Court **DECLINES TO ADOPT** the June 26, 2019 Report and Recommendation of Magistrate Judge Wright [ECF No. 12] due to an intervening change in the factual circumstances surrounding this case;

2. The Court construes Respondent's response to Petitioner's Objections [ECF No. 21] as a motion for summary judgment, and that motion is **GRANTED**; and

3. The Petition [ECF No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated:  August 27, 2019          s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court